## VOLK v. B. F. STURTEVANT CO.

(Circuit Court of Appeals, First Circuit. October 19, 1900.)

### No. 334.

MASTER AND SERVANT—INJURY OF SERVANT—ASSUMED RISK.

An employé, a part of whose duty for more than two years had been to sweep and clean out the bottom of an elevator shaft several times a week, who was injured, while performing such duty, by the descent of the car upon him, must be held to have assumed the risk of such injury, where the danger was obvious, and no change had been made in the mode of operating the elevator during the time of his employment. Smith v. Baker [1891] App. Cas. 325, doubted.

In Error to the Circuit Court of the United States for the District of Massachusetts.

For former opinion, see 39 C. C. A. 646, 99 Fed. 532.

Edward H. Savary, for plaintiff in error.

Walter B. Farr and M. F. Dickinson, Jr., for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This is a suit at common law, wherein the circuit court directed a verdict for the defendant, and the plaintiff thereupon sued out this writ of error. The suit was commenced by Lawrence Esch, who afterwards deceased, and the present plaintiff intervened as administratrix of his estate. The first count in

the declaration, omitting the allegations of the details of the injuries done, reads as follows:

"And the plaintiff says that on December 5, 1898, he was in the employ of the defendant as a workman, and, in the regular line of his duty, was in the bottom of an elevator well, and cleaning it out, at the works of the defendant, situated in that part of Boston, in said district, called 'Jamaica Plain'; that it was the duty of the defendant to reasonably protect him in his work; that the defendant failed in this duty, in that at said time and place it negligently failed to reasonably provide that he should be protected from the elevator car, which ran in said elevator well, coming down upon him when he was rightfully at the bottom of said elevator well, and injuring him, in consequence of which the said elevator car did come down upon him at said time and place, while in the exercise of due care, and he was shocked, bruised, hurt, and injured thereby."

There are other counts, but they only state the same cause of action in somewhat different phases; and, in view of the conclusions which we have reached, the first sufficiently states the plaintiff's contention, and describes the utmost that she can claim with reference to the matters of fact to be deduced from the proofs in the case. It appears that Esch had been in the employment of the defendant as a sweeper and cleaner about two years and a half prior to his injury, and that it was a part of his duty to clean out several times a week underneath the elevator car at the place where he was injured. The proofs show no condition of affairs leading up to his injury which was not within the observation and apprehension of any man of ordinary understanding. It also appears that the elevator car and its appurtenances, and the manner in which it was operated, were, at the time he was injured, in all respects the same as they had been during the time that Esch had been employed as sweeper and cleaner, and that there were no circumstances which prevented Esch from fully observing the conditions as they existed at the time of the injury, and had existed. Therefore the case comes plainly within the rules with reference to the assumption of risks by employés, of which a late statement is in Railway Co. v. Archibald, 170 U. S. 665, 672, 673, 18 Sup. Ct. 777, 42 L. Ed. 1188.

The plaintiff in error undertakes to except this case from the general rules on the alleged grounds that this was not a risk of the kind which the servant assumes, because it was one from which Esch could not have protected himself, and the master might have guarded him, while it is only those risks which can be obviated by a reasonable measure of precaution which are assumed. The facts of the case do not support a claim that it was impossible for Esch to have protected himself. The rules as to the assumption of risks by employés have been several times quite fully stated by the supreme court,—with the rest, in Tuttle v. Railway Co., 122 U. S. 189, 195, 7 Sup. Ct. 1166, 30 L. Ed. 1114; Railroad Co. v. McDade, 135 U. S. 554, 570, 10 Sup. Ct. 1044, 34 L. Ed. 235; and Railway Co. v. Archibald, already referred to,—and, while there are admitted exceptions to those rules, the supreme court has recognized none as claimed by the plaintiff in error. Indeed, in many cases on this topic passed on by that court, in which the defense of assumption of risks by the employé was maintained, the circumstances were such as to have

required extreme care on the part of the employé. In this particular the plaintiff relies on Smith v. Baker [1891] App. Cas. 325; but in McPeck v. Railroad Co., 25 C. C. A. 110, 79 Fed. 590, 595, we held that the rule of that case is certainly not that of the federal courts. We may also add that in McPeck v. Railroad Co. the employé of the defendant was working on the defendant's track, and was injured by a passenger train which was late. The circumstances of that case, and the principles applicable to them, defeat the plaintiff in error, although it was not there necessary that they should be fully stated.

The plaintiff in error also relies on an exception to the refusal of the circuit court to admit evidence in her behalf to the effect that a swinging guard or fence might have been used, of a character which would have protected Esch from liability to injury; but the witness had already testified that such a guard was not in use in outside elevators, to which class the elevator here in question belonged, thus bringing the evidence offered within our observations made with regard to Mather v. Rillston, 156 U. S. 391, 399, 15 Sup. Ct. 464, 39 L. Ed. 464, in Whitney v. Railroad Co. (C. C. A.) 102 Fed. 850. However, we need not consider this further; because the evidence, if admitted, would not have availed the plaintiff in error, under the rules which we have cited relating to the assumption of risks by employés.

The judgment of the circuit court is affirmed.